UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:18-cr-53-FtM-38MRM

CHRISTOPHER CONNOR

### ORDER[1]

Before the Court is the United States of America's Motion for Reduced Sentence for Substantial Assistance filed on December 1, 2020. (Doc. 93). Defendant Christopher Connor has not responded, and the time to do so has expired. For the below reasons, the Court grants the motion.

On November 21, 2019, the Court sentenced Connor to 87 months' imprisonment for his role in a drug conspiracy. (Doc. 89). The sentence is a low-end guidelines sentence and reflects a six-level downward departure for substantial assistance. (Doc. 90). Before Connor was sentenced, however, two co-conspirators attacked him in jail to intimidate him and retaliate against him for his cooperation. His testimony was used against both co-conspirators at their sentencing hearings, one of which occurred last month. Because the Government's original downward departure motion did not account for

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Connor's testimony at those sentencings, it now moves for another one-level reduction.

Upon the Government's motion, a district court may reduce a sentence if the defendant has provided substantial assistance. Fed. R. Crim. P. 35(b); *United States v. Mora,* 703 F. App'x 836, 843 (11th Cir. 2017) (stating a court may reduce a sentence "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person" (quotation marks omitted)). The reduction may occur more than one year after sentencing if the defendant's substantial assistance involved "information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." Fed. R. Crim. P. 35(b)(2). The court has discretion to grant or deny motions to reduce sentences. See *United States v. Manella,* 86 F.3d 201, 205 (11th Cir. 1996).

After reviewing the Government's motion, the record, and the applicable law, the Court will reduce Connor's sentence for his substantial assistance against his co-conspirators at their sentencings. His testimony led to both co-conspirators receiving obstruction of justice enhancements and denial of acceptance of responsibility reductions. (Doc. 688; Doc. 691). The Court thus finds another one-level reduction to be reasonable based on his substantial assistance. This finding leads to a guidelines range of 78 to 97 months. Based

on this calculation, a sentence of 78 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing. All other parts of Connor's sentence remain as originally imposed.

Accordingly, it is now

**ORDERED:**

(1) The United States of America's Motion for Reduced Sentence for Substantial Assistance (Doc. 93) is **GRANTED**.

(2) The Clerk is **DIRECTED** to enter a modified judgment reducing the sentence imposed to **78 months' imprisonment**, and otherwise leaving the original judgment intact.

**DONE AND ORDERED** in Fort Myers, Florida on December 16, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record